IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH RICHARDS, DURABLE ROOFING COMPANY, an Illinois corporation, and RICHARDS PROPERTIES, LLC, an Illinois limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No: |
| CENTURY ROOFING AND SHEET METAL, LLC, an Illinois limited liability company, CALVIN McCRIMMON and JOANNIE McCRIMMON, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, JOSEPH RICHARDS ("RICHARDS"), DURABLE ROOFING COMPANY, an Illinois corporation ("DURABLE"), and RICHARDS PROPERTIES, LLC, an Illinois liability company ("PROPERTIES")by and through their attorney, James G. Richert, and for their Complaint against the Defendants, CENTURY ROOFING AND SHEET METAL, LLC, an Illinois limited liability company ("CENTURY"), CALVIN McCRIMMON and JOANNIE McCRIMMON (collectively "McCRIMMON"), state:

## JURISDICTION

1. The Court has jurisdiction as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 (28 U.S.C. Sec. 1332(a)(1))

## PARTIES

2. Plaintiff, RICHARDS, is an individual residing in the County of Cook, State of Illinois.

1

3.      Plaintiff, DURABLE, is an Illinois corporation with its principal place of business in Midlothian, Illinois 60423.

4.      Plaintiff, PROPERTIES, is an Illinois limited liability company with its principal place of business in Midlothian, Illinois 60423.

5.      Defendant, CENTURY ROOFING AND SHEET METAL, LLC., ("CENTURY") is an Illinois limited liability company with its principal place of business in Hammond, Indiana.

6.      Defendant, JOANNIE McCRIMMON ("JOANNIE"), is an individual residing in Hammond, Indiana.

7.      Defendant, CALVIN McCRIMMON ("CALVIN"), is an individual residing in Hammond, Indiana.

## BACKGROUND FACTS

8.      DURABLE is in the business of performing roofing repair and installation for both commercial and residential properties.

9.      RICHARDS is the sole owner of DURABLE.

10.      CALVIN, the spouse of JOANNIE, was hired by DURABLE in July of 2014 and worked primarily in sales.

11.      In January of 2015, RICHARDS was contacted by a Mr. Alfred Sorenson, the owner of Century Roofing Corp, about the possibility of RICHARDS purchasing Century Roofing Corp from Mr. Sorenson for $225,000.00.

12. In the early part of February of 2015, Mr. Sorenson arranged for a meeting between RICHARDS, RICHARD'S brother, a Mr. Jason Dorn and himself to discuss the possibility of selling Century Roofing Corp.

13. In late February of 2014, following another meeting between RICHARDS and Mr. Sorenson, RICHARDS approached JOANNIE about the prospect of getting JOANNIE involved in the purchase of Century Roofing and running it as a woman owned minority business.

14. JOANNIE discussed the subject of getting involved with RICHARDS in the purchase of Century Roofing and running it as a woman owned minority business with her husband, CALVIN, and advised RICHARDS that she was interested in RICHARDS' plan.

15. Shortly thereafter, CALVIN came to RICHARDS' office and was very excited about the prospective business venture and told RICHARDS that he (CALVIN) and his wife, JOANNIE, wanted to invest $35,000.00 in the new venture. CALVIN and JOANNIE never actually invested said $35,000.00

16. After being told by CALVIN and JOANNIE that they were interested in the plan of acquiring Century Roofing Corp., RICHARDS and Mr. Sorenson met to formulate a plan for the purchase/sale of Century Roofing Corp. **(Plaintiff's Exh. A attached).**

17. It was discussed and agreed between RICHARDS, JOANNIE and CALVIN, that RICHARDS would fund the purchase of 51% of Century Roofing in JOANNIE'S name in order to qualify as a woman owned minority business and that the other 49% would be acquired in RICHARDS' daughter's name, Lauren Richards.

18. On March 11, 2015, JOANNIE, with funds provided by RICHARDS, purchased 510 shares of Century Roofing Corporation for $65,000.00. The funds furnished by

3

RICHARDS was in the form of two cashier's checks totally $60,000.00, plus $5,000.00 in cash. **(Plaintiff's Group Exh. B attached)**

19.     On March 26, 2015, JOANNIE and CALVIN, without RICHARDS' knowledge, organized a new Illinois limited liability company called CENTURY ROOFING AND SHEET METAL, LLC. ("CRSM").  **(Plaintiff's Exh. C attached)**

20.     On January 07, 2016, RICHARDS paid $10,000.00 on behalf of Century Roofing toward a Settlement Agreement with G.E. Riddiford Company. **(Plaintiff's Group Exh. D attached)**

21.     On January 14, 2016, JOANNIE sent an email to RICHARDS requesting a check to cover Century Roofing's payroll. RICHARDS cut and deposited a check into Century Roofing's account that same day in the amount of $22,000.00. **(Plaintiff's Group Exh. E attached)**

22.     On January 26, 2016, JOANNIE sent an email to JOE RICHARDS regarding the documents required in order to complete the application to qualify Century Roofing as a MBE/WBE. In said email, JOANNIE added, *"..if that is still the direction we are heading."* **(Plaintiff's Exh. F attached)**

23.     On May 3, 2016, JOE RICHARDS sent an email to JOANNIE, requesting an accounting for Century Roofing. JOANNIE responded by informing RICHARDS that the March 29, 2016, accounting was the last one and that *"Century Corp is done."* **(Plaintiff's Exh. G attached)**

24.     On June 22, 2016, both DURABLE ROOFING and RICHARDS PROPERTIES, sent Demand Letters requesting the return of property in the possession of Century Roofing but owned by Richard Properties, LLC and Durable Roofing Co. **(Plaintiff's Exh. H attached)**

25.    The estimated value of the property referred to in Paragraph 24 is $115,266.00, as evidenced by the Inland Marine Proposal issued by C.N.A Insurance Companies on August 1, 2014. **(Plaintiff's Exh. I attached)**

26.    RICHARDS also paid the loan payments owed by Mr. Alfred Sorenson, as required pursuant to Item 2 of the Purchase/Sale Agreement referred to as **Exhibit A,** herein. Said payments are in excess of $18,340.38.

27.    In addition to the above DURABLE provided funds to cover payroll expenses as well as equipment rental. All to the benefit of CRSM, CALVIN and JOANNIE.

## COUNT I
### (Assumpsit-Money Had and Received against Calvin and Joannie)

28.    RICHARDS together with CALVIN and JOANNIE, entered into an oral agreement to be partners in a new business enterprise that involved the purchase of Century Roofing from Mr. Alfred Sorenson.

29.    In furtherance of said agreement, RICHARDS, DURABLE and PROPERTIES provided financial and other support to CALVIN and JOANNIE in order to carry out the acquisition and operation of Century Roofing.

30.    The financial assistance alone was in excess of $173,000.00. **(Plaintiff's Exh. J attached)**

31.    CALVIN and JOANNIE, as evidenced by their incorporation of CRSM on March 26, 2015 (15 days after the purchase of Century Roofing), never intended to honor their agreement to be partners with RICHARDS in the new enterprise, but rather, merely used RICHARDS to support their interest in establishing competing enterprise.

32.    CALVIN and JOANNIES' retention of the funds provided by RICHARDS and/or DURABLE, obtained under false pretenses, would be unjust and inequitable, and cannot in good conscience, be retained by CALVIN and JOANNIE.

WHEREFORE, the Plaintiffs JOSEPH RICHARDS and DURABLE ROOFING COMPANY, respectfully request that a judgment be entered in their favor as to Count I and against CALVIN MCCRIMMON and JOANNIE, jointly and severally, in the sum of $173,000.00 plus costs.

## COUNT II
### (Conversion against Century Roofing and Sheet Metal, LLC)

1-27.    Plaintiffs, DURABLE ROOFING COMPANY and RICHARDS PROPERTIES, LLC., restate and assert Paragraphs 1 through 27 as and for Paragraphs 1 through 27 of this Count II.

28.    Plaintiffs, DURABLE and PROPERTIES, are the rightful owners of the certain property being wrongfully held by CRSM.

29.    In addition to the property itemized in Exhibit I and valued at $115, 226.00, CRSM is also is possession of four vehicles titled in the name of RICHARDS PROPERTIES, LLC., and valued a $31,000.00. **(Plaintiff's Exhibit K attached)**

30.    Plaintiffs are entitled to immediate, absolute and unconditional of said property.

31.    CRSM's assumption of control, dominion or ownership of the property is unauthorized and wrongful.

32.    On June 22, 2016, the Plaintiffs, DURABLE and PROPERTIES, made a demand upon CRSM for the immediate return of said property.

6

33.     Defendant, CRSM, has refused to return said property.

WHEREFORE, the Plaintiffs, DURABLE ROOFING COMPANY and RICHARDS
PROPERTIES, LLC respectfully request that this Court enter a Judgment in their favor
and against the Defendant, CENTURY ROOFING AND SHEET METAL, LLC, for the
immediate return of his property, in the value of same, plus interest or such sum as to be
proven at trial, plus costs.

## COUNT III
### (Action Seeking a Constructive Trust against against Century Roofing and Sheet Metal, LLC., Based on Fraud )

1-27.   Plaintiffs, DURABLE ROOFING COMPANY and JOSEPH RICHARDS restate
and assert Paragraphs 1 through 27 as and for Paragraphs 1 through 27 of this Count III.

28.     On or about March 11, 2015, CALVIN and JOANNIE developed and
implemented a scheme by which they would defraud DURABLE and RICHARDS by
using the financial and physical assets of DURABLE and RICHARDS to ultimately set
up CRSM.

29.     In furtherance of said scheme, CALVIN and JOANNIE, without RICHARD'S
knowledge, organized a new Limited Liability Company on March 26, 2015 ( merely 15
days after having purchased a 51% interest in Century Roofing Company with funds
provided by RICHARDS) called Century Roofing and Sheet Metal , LLC.

30.     From March 11, 2015, to approximately May 3, 2016, DURABLE and/or
RICHARDS, provided the financial and other support for Century Roofing Corp.

31.     On March 29, 2016, JOANNIE emailed RICHARDS a Balance Sheet for Century
Roofing Corp good through April 1, 2016. **(Plaintiff's Exhibit L attached)**

32.     On May 3, 2016, in response to a request for an accounting by RICHARDS, JOANNIE sent an email informing RICHARDS that the March 29, 2016 were the last accounting and that Century Roofing Corp was "done". **(Plaintiff's Exhibit M attached)**

33.     The assets of Century Roofing Corp. that were provided through either DURABLE and/or RICHARDS, are now being used, and have been used by CRSM.

34.     Said assets of CRSM were acquired through the fraudulent conduct of CALVIN and JOANNIE.

35.     The assets furnished by either DURABLE or RICHARDS were intended to benefit Century Roofing Corp., but in actuality, were directed by CALVIN and JOANNIE to the benefit of CRSM at the detriment of DURABLE and RICHARDS.

36.     It would be unjust and inequitable for CRSM to retain the assets provided by DURABLE and RICHARDS, which were intended for the benefit of Century Roofing Corp.

WHEREFORE, the Plaintiffs, DURABLE ROOFING COMPANY and RICHARDS PROPERTIES, LLC respectfully request that this Court enter an Order in their favor and against the Defendant, CENTURY ROOFING AND SHEET METAL, LLC, imposing a Constructive Trust upon the assets of CENTURY ROOFING AND SHEET METAL, LLC., as Constructive Trustee for the benefit of DURABLE ROOFING COMPANY and JOSEPH RICHARDS.

By:_____

Attorney for Plaintiff

LAW OFFICE OF JAMES G. RICHERT, P.C.
10723 W. 159th Street
Orland Park, IL 60467
708/364-1760
ARDC No: 6201891

8